In the Matter of GORDON JOHN PHILLIPS, an Attorney, Respondent. JEFFERSON COUNTY BAR ASSOCIATION, Petitioner.

Fourth Department, September 14, 1962.

*John V. Aylward* for petitioner.

*Paul R. Shanahan* for respondent.

*Per Curiam.* This is a proceeding brought by the Jefferson County Bar Association, preferring charges of unethical conduct and practices against respondent, Gordon John Phillips. Upon issue being joined, the matter was referred to the Honorable EUGENE F. SULLIVAN, a Justice of the Supreme Court, to take testimony and report to this court.

Respondent was retained by a Mrs. Margaret Johnston to recover the unpaid maintenance allowance that had been granted to her in a divorce decree, for the support of her infant daughter. Respondent asked and received an initial fee to proceed in the matter. Proceedings were instituted by him and the matter came before Jefferson County Special Term. Upon adjournment of the motion, discussions with the attorney for the former husband were had and as a result a compromise was effected by which respondent was to receive $500 in cash and a note for $250. On August 23, 1961 the attorneys met and the respondent received the note and a check for $500 payable to Margaret Johnston and Gordon J. Phillips, attorney. Concededly of this amount Mrs. Johnston was entitled to receive about $300 and the balance was to be retained by respondent for his services. Mrs. Johnston had advised Phillips that she would be employed that week at the Watertown Fairgrounds. He then went to the fairgrounds in company with one Frederick Exley, who was then Clerk of Supreme Court. He did not find Mrs. Johnston, but left word to have her call him. She did call later that day and he made arrangements to meet her two days later on a Friday, inasmuch as he intended to go to Albany the following day. Phillips told Mrs. Johnston that he was going to cash the check, but did not tell her that her name was thereon as a payee. He then had Exley sign Mrs. Johnston's name on the back of the check, for the purpose, he testified, of cashing the check, for he knew that if he signed her name himself the bank might object to the signature. Securing the proceeds he retained them and did not place them in a client's account, for he had none. Neither did he have a personal account of his own. He did not go to Albany the next day and did not notify Mrs. Johnston. He left for Albany on Friday and then took a long week-end trip to Lake George and failed to keep his appointment with Mrs. Johnston.

In the meantime Mrs. Johnston called at respondent's office on Friday. She received the note from respondent's office associate, and the latter advanced her $100 on this settlement. Phillips used the Johnston money and when he saw her on Wed-

nesday had less than $100 left to pay her. In the interim she had learned that her name had been signed to the check. She communicated with the District Attorney about the matter and eventually she recovered the balance of the $300 due her.

Upon appearing before the Grievance Committee, Phillips first testified that he personally had indorsed Mrs. Johnston's name himself. At a later hearing he admitted he did not sign her name but had had someone else do it. Before Justice SULLIVAN he admitted that Exley had signed it at his request and direction. This conduct was most flagrant and probably criminal in nature. He had lied before the Grievance Committee and his purported explanation showed a complete disregard for his oath and constituted inexcusable professional misconduct, all in violation of canons 11, 29 and 32 of the Canons of Professional Ethics of the New York State Bar Association.

The respondent should be disbarred from the practice of law.

WILLIAMS, P. J., BASTOW, GOLDMAN, McCLUSKY and HENRY, JJ., concur.

Order of disbarment entered.